UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jason Beck,                           Case No. 15cv2635 (WMW/SER)

                                                 **REPORT AND RECOMMENDATION**

        Petitioner,

v.

Charles E. Samuels, Jr.,

        Respondent.

---

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Petitioner Jason Beck's ("Beck") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") [Doc. No. 1]. This matter has been referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636(b)(1) (B)–(C) and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends denying the Petition as moot and dismissing this case without prejudice.

**I.    BACKGROUND**

On May 1, 2014, Beck was sentenced to a twenty-eight month term of imprisonment for manufacturing methamphetamine in violation of 21 U.S.C. § 841(a)(1) in the United States District Court for the Southern District of New York.[1] (Decl. of Kyja Winger, "Winger Decl.") [Doc. No. 5 ¶ 4]. His projected release date, with credit for good conduct time, was June 5, 2016. (*Id.*).

In his Petition, Beck argues that the Federal Bureau of Prisons (the "BOP") refused to

---

[1] Respondent Charles E. Samuels, Jr., Director of the Federal Bureau of Prisons ("Respondent"), asserts that Beck was sentenced pursuant to a plea. *See* (Resp. to Pet., "Resp.") [Doc. No. 4 at 4].

grant Beck early release pursuant to 18 U.S.C. § 3621(e),[2] which (1) was an abuse of discretion and was arbitrary and capricious; and (2) constituted a violation of due process under the Fourteenth Amendment.[3] (Pet. at 3). More specifically, Beck argues that he should have been granted early release because he completed the 500-hour Residential Drug Abuse Program ("RDAP"). (*Id.*).

Respondent agrees that Beck was qualified to participate in RDAP. *See* (Resp. at 4). In reviewing whether Beck was eligible for early release, Respondent found that his current conviction precluded early release because of the nature of his conviction and the specific findings the sentencing judge made when he adopted without changes the U.S. Probation Office's Presentence Investigation Report. (Decl. of Allan John Baptiste) [Doc. No. 6 ¶ 13]; *see also* (*id.* ¶¶ 9–12). Beck's Unit Manager then reviewed Beck's eligibility to be placed in a residential reentry center ("RRC") or home confinement, pursuant to 18 U.S.C. § 3624(c). (Winger Decl. ¶¶ 1, 7). The Unit Manager found that Beck did not need an RRC placement; instead, she found Beck "would be better served with a direct to home confinement placement on March 13, 2016." (Resp. at 9); *see also* (Winger Decl. ¶¶ 7–8). Respondent argues Beck's Petition should be dismissed because (1) Beck is not entitled to review of the BOP's decision under the Administrative Procedures Act; (2) Beck does not have a constitutional right to early

---

[2] In relevant part, § 3621(e) states, "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program **may be reduced** by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B) (emphasis added).

[3] Beck's Petition also states that "[r]efusal to grant 3632(e) is violative of fourth amendment due process." (Pet. at 3). The Court presumes that this allegation contains two typographical errors. First, because there is no § 3632 in Title 18 of the United States Code, the Court presumes Beck meant to refer to 18 U.S.C. § 3621(e). Second, because he refers to due process, the Court resumes Beck meant to refer to the Fourteenth Amendment, rather than the Fourth Amendment. The Court's interpretation is consistent with the remainder of Beck's Petition, the attached grievance procedure documents, and his Reply. *See* (Attachments to Pet.) [Doc. No. 1-1]; (Pet'r's Reply to Resp't's Resp., "Reply") [Doc. No. 8].

release; (3) the BOP's policies implementing 18 U.S.C. § 3621(e) are a lawful exercise of discretion; (4) the BOP properly excluded Beck from eligibility for early release; (5) Beck does not have a constitutional right to an RRC placement; and (6) the BOP complied with its duty to review Beck for RRC placement. (Resp. at 10–20).

Beck filed a reply arguing that "the BOP did not lawfully exercise its discretion under 18 U.S.C. § 3621(e), and thereby denied him his constitutional right to due process and equal protection under the Fifth and Fourteenth amendments of the Constitution of the United States." (Reply at 1).

## II.   DISCUSSION

The inmate locator tool maintained by the BOP shows that Beck was released on June 3, 2016. Find an Inmate, Fed. Bureau of Prisons, http://www.bop.gov/inmateloc/ (search for BOP Register Number 67477-054). Nonetheless, because Beck was incarcerated at the time he filed his Petition, the "in custody" requirement in 28 U.S.C. § 2241 is satisfied. Thus, Beck's release does not automatically render his Petition moot. *See Spencer v. Kenma*, 523 U.S. 1, 7 (1998).

The Court finds Beck's Petition moot, however, because it no longer presents a case or controversy under Article III, section 2, of the U.S. Constitution. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . .The parties must continue to have a personal stake in the outcome of the lawsuit." *Spencer*, 523 U.S. at 7 (internal quotation marks omitted). In other words, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (internal quotation marks omitted). "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no

3

longer grant effective relief, the case is considered moot." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (internal quotation marks omitted). When a case is moot under Article III, it must be dismissed for lack of subject-matter jurisdiction. *Id.* at 724.

Here, Beck argues he was improperly denied early release under 18 U.S.C. § 3621(e). *See* (Pet.). Thus, Beck's relief "leaves nothing for the Court to grant by way of relief, even if it determined that [Beck's] claims had merit." *See Buckles v. Wilson*, Civil No. 14-648 (JRT/HB), 2014 WL 5438495, at *4 (D. Minn. Oct. 22, 2014) (Bowbeer, Mag. J., as adopted by Tunheim, J.). Nonetheless, a petition may not be moot if any of the following exceptions apply:

> (1) secondary or collateral injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Id.* (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002)). Nothing in the record suggests that any of these exceptions applies here. Therefore, Beck's Petition is moot and must be dismissed.

### III. RECOMMENDATION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that

1. Petitioner Jason Beck's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] be **DENIED as moot**; and
2. This case be **DISMISSED without prejudice**.

Dated: June 28, 2016

                *s/Steven E. Rau*
                STEVEN E. RAU
                United States Magistrate Judge

### Notice

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after objections are filed; or (2) from the date a timely response is filed.